UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

T<small>YNISHA</small> T.A. S<small>HEFFIELD</small>,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　*Plaintiff*,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　No. 1:14-cv-652-JMS-MJD
C<small>AROLYN</small> C<small>OLVIN</small>, *as Acting Commissioner of*　)
*Social Security*,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　*Defendant*.　　　　)

## ENTRY REVIEWING THE COMMISSIONER'S DECISION

Tynisha T.A. Sheffield applied for disability insurance benefits and supplemental security income benefits from the Social Security Administration ("SSA") on September 23, 2011, alleging a disability onset date of June 1, 2011. [Filing No. 12-5 at 2; Filing No. 12-5 at 9.] Her application was denied initially and on rehearing, and a hearing was then held before Administrative Law Judge Christopher Inama (the "ALJ") on February 20, 2013. [Filing No. 12-2 at 29-57.] On March 8, 2013, the ALJ issued an opinion concluding that Ms. Sheffield was not entitled to disability benefits. [Filing No. 12-2 at 10-24.] The Appeals Council denied review on February 25, 2014, making the ALJ's decision the Commissioner's "final decision" subject to judicial review. [Filing No. 12-2 at 2.] Ms. Sheffield filed this civil action pursuant to 42 U.S.C. § 405(g), asking the Court to review her denial of benefits. [Filing No. 1.]

## I.
### B<small>ACKGROUND</small>

Ms. Sheffield was thirty-one years old when she applied for disability benefits, alleging an onset date of June 1, 2011. [Filing No. 12-5 at 2; Filing No. 12-5 at 9.] She has seven children, who have at times been temporarily removed from her care and placed in foster care. [Filing No.

12-7 at 97.] Ms. Sheffield last worked in approximately 2012 at a McDonald's, where she was a cashier and trained the crew. [Filing No. 12-2 at 34.] She alleges that she suffers from various physical and mental impairments that affect her ability to work, but her appeal from the ALJ's decision focuses on his alleged failure to account for her mental impairments.[1]

Using the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4), the ALJ issued an opinion on March 8, 2013, concluding that Ms. Sheffield is not disabled as defined by the Social Security Act. [Filing No. 12-2 at 24.] The ALJ found as follows:

- At Step One of the analysis, the ALJ found that Ms. Sheffield had not engaged in substantial gainful activity[2] since the alleged onset date. [Filing No. 12-2 at 15.]

- At Step Two of the analysis, the ALJ found Ms. Sheffield to have the following severe impairments: discogenic change, isolated to L5-S1 level, and mild-to-moderate bilateral facet change at L4-5 and L5-S1; depressive disorder, not otherwise specified (NOS); and general anxiety disorder. [Filing No. 12-2 at 15.]

- At Step Three of the analysis, the ALJ found that Ms. Sheffield did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. [Filing No. 12-2 at 16.] The ALJ specifically considered Listings 12.04 and 12.06. [Filing No. 12-2 at 16-17.]

---

[1] The parties detailed pertinent facts in their briefs implicating sensitive and otherwise confidential medical and personal information concerning Ms. Sheffield. [Filing No. 16 at 2-7; Filing No. 21 at 2-4.] The Court will simply incorporate those facts by reference herein, and specific facts will be articulated as needed.

[2] Substantial gainful activity is defined as work activity that is both substantial (i.e. involves significant physical or mental activities) and gainful (i.e. work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a); 20 C.F.R. § 416.972(a).

- The ALJ concluded that Ms. Sheffield had the residual functional capacity ("RFC") to perform light work, except she can only occasionally climb ramps and stairs, never climb ladders, ropes, and scaffolds, and occasionally balance, stoop, kneel, crouch and crawl; that she is limited to work involving simple, routine, repetitive tasks, with only simple work-related decisions and few workplace changes, with occasional interaction with supervisors and coworkers and occasional public contact. [Filing No. 12-2 at 18.]
- At Step Four of the analysis, the ALJ concluded that Ms. Sheffield is unable to perform any past relevant work. [Filing No. 12-2 at 22.]
- At Step Five of the analysis, the ALJ concluded that considering Ms. Sheffield's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform, such as hand packager, small products assembler, and production assembler. [Filing No. 12-2 at 23-24.]
- Based on these findings, the ALJ concluded that Ms. Sheffield is not disabled. [Filing No. 12-2 at 24.]

Ms. Sheffield requested that the Appeals Council review the ALJ's decision, but it denied that request on February 25, 2014. [Filing No. 12-2 at 2.] That decision is the final decision of the Commissioner for purposes of judicial review, and Ms. Sheffield seeks relief from this Court. [Filing No. 1.]

## II.
### STANDARD OF REVIEW

"The Social Security Act authorizes payment of disability insurance benefits and Supplemental Security Income to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind

3

of inability, namely, an inability to engage in any substantial gainful activity. Second it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last . . . not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [her] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, [she] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [she] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

4

After Step Three, but before Step Four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e), (g). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

## III.
### DISCUSSION

Ms. Sheffield raises multiple issues on appeal, but the Court will focus its analysis on the issue it finds to be dispositive.

### A. ALJ's Failure to Discuss Evidence

In arguing that she meets Listing 12.04, Ms. Sheffield contends that the ALJ ignored medical evidence from two doctors who evaluated her in the context of an investigation into charges that she physically abused her oldest child. [Filing No. 16 at 9-10.] Ms. Sheffield first points to a court-ordered psychological evaluation by Dr. Joel Schwartz. [Filing No. 16 at 9 (referring to Filing No. 12-7 at 39-44).] Dr. Schwartz noted in his report that Ms. Sheffield's

"affect indicated she was annoyed and mildly indignant. It was observed that her personal hygiene was poor. She was distrustful and tended to blame all of her problems on others. She needed psychological counseling to improve her anger management and coping skills." [Filing No. 16 at 10 (citing Filing No. 12-7 at 39-44).] Ms. Sheffield emphasizes that "Dr. Schwartz's diagnosis noted she had paranoid personality features." [Filing No. 16 at 10 (citing Filing No. 12-7 at 43).] Ms. Sheffield also contends that the ALJ ignored the evaluation of psychiatrist Dr. Martha Hernandez. [Filing No. 16 at 10 (citing Filing No. 12-7 at 68-71).] Dr. Hernandez diagnosed Ms. Sheffield with mood disorder, postpartum depression, and borderline personality disorder. [Filing No. 16 at 11 (citing Filing No. 12-7 at 70).] Dr. Hernandez reported that Ms. Sheffield was "evasive and contradictory" and that her "affect was sad, and so was her mood." [Filing No. 16 at 11 (referring to Filing No. 12-7 at 69).]

The Commissioner does not mention the reports of Dr. Schwartz or Dr. Hernandez by name in the argument section of her response brief. [Filing No. 21 at 5-8.] Instead, she summarily argues that to the extent Ms. Sheffield contends that the ALJ "ignored or rejected evidence supporting a finding that she had a listing-level mental impairment," Ms. Sheffield "does not cite any medical evidence to support her contention that she had marked or extreme limitations as required by the listing." [Filing No. 21 at 6.] The Commissioner argues that Ms. Sheffield "ignores the relatively normal mental status examination findings, both before and after her alleged disability onset date, and the opinions of multiple mental health professionals that she had no more than mild to moderate symptoms and functional limitations." [Filing No. 21 at 6.] Although her argument cites certain pages of Dr. Schwartz' report, she does not detail the evidence or cite Dr. Hernandez' report. [Filing No. 21 at 6.]

In her reply brief, Ms. Sheffield again points out that the ALJ "ignored without explanation the 12-2-08 psychological evaluation by Dr. Schwartz." [Filing No. 22 at 3.] Ms. Sheffield contends that the evaluation "proved she had Marked impairment in Activities of Daily Living and in Social Functioning" because of "the fact that a court had ordered her to undergo the psychological evaluation because of the severe beating she gave to her oldest child." [Filing No. 22 at 3.] Ms. Sheffield concludes that her "disabling mental illness made her unfit to have custody of her daughter." [Filing No. 22 at 3.] Ms. Sheffield points to other findings in Dr. Schwartz' evaluation, and again emphasizes that the ALJ also ignored the findings of Dr. Hernandez, which she claims are relevant to the criteria of Listing 12.04. [Filing No. 22 at 4.]

The Court defers to an ALJ's factual determinations if they are supported by substantial evidence. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) (citing 42 U.S.C. § 405(g)). Although the ALJ "need not discuss every piece of evidence in the record, the ALJ may not ignore an entire line of evidence that is contrary to the ruling" and "must build a logical bridge from evidence to conclusion." *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009); *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (citation omitted). When an ALJ does not discuss contrary evidence, "it is impossible for a reviewing court to tell whether the ALJ's decision rests upon substantial evidence" and "remand is required." *Golembiewski*, 322 F.3d at 917.

It is undisputed that the evidence to which Ms. Sheffield directs the Court—specifically, the reports of Drs. Schwartz and Hernandez—was in the record before the ALJ and details contains conclusions and diagnoses those doctors made regarding Ms. Sheffield's mental health. [*See* Filing No. 12-7 at 39-44; Filing No. 12-7 at 68-71.] Ms. Sheffield contends that the ALJ ignored that evidence, and in response the Commissioner does not point any mention of it in the ALJ's opinion. Thus, it is undisputed that the ALJ did not address the reports of Drs. Schwartz and

Hernandez in concluding that Ms. Sheffield did not meet or medically equal Listing 12.04 (Mental Disorders—Adult). Because the ALJ did not address that evidence, the Court cannot determine whether the ALJ accidentally ignored it or, for some reason, did not think it was relevant or sufficient.[3] Although the parties dispute the implications of various conclusions in the reports from Drs. Schwartz and Hernandez, neither the ALJ nor this Court can "play doctor and make their own independent medical findings." *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996). Moreover, any *post hoc* analysis of evidence not mentioned by the ALJ violates the well-established *Chenery* doctrine. *See Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (counsel's reliance on reports in brief that the ALJ "did not see fit even to mention . . . violated the *Chenery* doctrine").

The ALJ's silence regarding the reports from Drs. Schwarz and Hernandez makes it impossible for this Court to tell whether the ALJ's decision rests upon substantial evidence. *Golembiewski*, 322 F.3d at 917 ("[T]he ALJ may not ignore an entire line of evidence that is contrary to the ruling . . . . Otherwise it is impossible for a reviewing court to tell whether the ALJ's decision rests upon substantial evidence."). Accordingly, remand is required. *Id.*; *Villano*, 556 F.3d at 562 (holding that if the ALJ's decision "lacks adequate discussion of the issues, it will be remanded").

### B. Other Issues Raised

Ms. Sheffield also argues that the ALJ failed to summon a medical advisor to testify whether her "combined psychiatric impairments" medically equaled Listing 12.04, [Filing No. 16

---

[3] The court-ordered mental health evaluations at issue were completed after a request by the Lake County Department of Child and Family Services after an incident involving Ms. Sheffield's oldest daughter. [*See* Filing No. 12-7 at 39; Filing No. 12-7 at 68.] The Commissioner does not argue that they cannot be considered simply because they were not made in the context of a disability determination.

at 15-16]; that the ALJ's adverse credibility determination was erroneous, [Filing No. 16 at 17-18]; and that substantial evidence fails to support the ALJ's Step 5 determination that she could perform some jobs, [Filing No. 16 at 19-21]. The Court will not specifically address those arguments, however, because the Court's reason for remand—that the ALJ ignored medical evidence in the record of Ms. Sheffield's mental impairments—implicates them as well. [*See, e.g.*, Filing No. 16 at 17 (citing opinion of Dr. Hernandez in making argument that credibility determination was patently wrong).] Moreover, the Court cannot resolve Ms. Sheffield's remaining arguments because since the ALJ ignored certain evidence at issue, it is impossible to tell whether the ALJ's decision rests upon substantial evidence. *Golembiewski*, 322 F.3d at 917. On remand, the ALJ should take care to sufficiently explain his rationale and build a logical bridge between the evidence and his conclusions, making sure to explain why he discounts lines of evidence contrary to his conclusion.

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **VACATES** the ALJ's decision denying Ms. Sheffield benefits and **REMANDS** this matter for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four). Final judgment will issue accordingly.

Date: May 28, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Patrick Harold Mulvany
patrick@mulvanylaw.com

9

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov